CARIBE MOTORS CORPORATION, Plaintiff and Appellee, *v.* JAIME LAURIDO and DAVID PELLOT, Defendants and Appellant the latter.

No. CE-64-34.     Decided February 2, 1966.

*Héctor Reichard* and *Héctor Reichard, Jr.,* for petitioner. *Luis A. Noriega* for appellant David Pellot.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

## JUDGMENT

San Juan, Puerto Rico, February 2, 1966

Plaintiff-appellee sold a motor vehicle to Jaime Laurido on February 20, 1961, under a conditional sales contract. On the same date, February 20, Laurido registered the automobile as its sole and exclusive owner. in the Motor Vehicles Division of the Department of Public Works, without any mention in its registration or license of the aforesaid conditional sales contract. As such apparent sole owner, on March 3, 1961, Laurido sold the vehicle to David Pellot Muñiz. The conditional sales contract was recorded on March 20, 1961 in the Department of Public Works.

Laurido having failed to pay the instalments, the plaintiff, Caribe Motors, filed an ordinary complaint against him and David Pellot. From Laurido it requested the payment of $2,310.40, the value of the vehicle, and against Pellot its repossession. Laurido was never summoned.

The Ponce Part of the District Court dismissed the repossession. The Ponce Part of the Superior Court reversed, holding that plaintiff had filed its contract within the 30-day period fixed by the applicable statute, and was under the protection given by said statute to repossess it from a third party.

■ ■ We have carefully examined all the questions raised and discussed by the parties and we conclude that the judgment of the Superior Court is in conformance with law. In effect, the conditional sales contract was recorded within the 30-day period. Even though Pellot purchased from a person who was the only owner, without any limitation, of the vehicle, according to its registration and license, a person engaged at the same time in the sale of automobiles

and who had an establishment for that purpose, he cannot defeat, as a third party, the right of the plaintiff which recorded its contract timely. This case is necessarily governed by our decision in *Caribe Motors* v. *Petrilli*, 86 P.R.R. 647 (1962), and we have nothing to add to what we said therein. It could be possible that Laurido acted deceitfully or fraudulently in prejudice of Pellot in not informing him of the existence of the conditional sale, or in making him believe that he was the only owner of the vehicle without any limitation, especially when selling it in an establishment, but the law grants the conditional vendor a full 30-day period to file the contract and the fact that a vehicle is transferred within that period of 30 days does not deprive him of his rights. A vendee who wants to protect himself should be alert as to whether his vendor has acquired the vehicle at the same time within that 30-day period, and in that case whether it was acquired under a conditional sale.

■ Likewise we agree with the trial court that plaintiff was not barred from asserting its rights under the conditional sales contract filed, because it filed an ordinary action. As to Pellot, it requested the repossession of the vehicle and not the payment of the debt. And the judgment of the trial court limited itself to ordering said repossession in the same terms and with such guarantees for Pellot as are required by law in a summary proceeding for repossession.

The judgment rendered by the Ponce Part of the Superior Court on October 9, 1964 is affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ

*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Acting Secretary*